

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

April 2, 1974

The Honorable James H. Stewart, Jr.          Opinion No. H- 268
President, Tyler State College
100 E. Berta                                 Re:  Validity of restrictions
Tyler, Texas 75701                                on the authority of state
                                                  colleges to employ out-
                                                  side legal counsel, imposed
Dear President Stewart:                           by the Appropriations Act.

  Article V, Section 41 of the Appropriations Act for fiscal 1974 to
1975 (Acts, 63rd Leg., ch. 659, p. 1786) provides:

> "Prior to expenditure of funds for retaining
> outside legal counsel, agencies and departments
> covered by this Act shall request the Attorney
> General to perform such services. If the Attorney
> General cannot provide such services, he shall
> so certify to the requesting agency who may then
> utilize appropriated funds to retain outside counsel."

  There is no similar restriction upon the use of appropriated funds
for "inside" counsel (attorneys who are state employees).

  Your letter notes that during fiscal 1973, Tyler State College retained
an attorney in private practice as legal counsel to the Board of Regents
and Administration of the College. Your question is whether it is per-
missible for this person to continue as counsel for the institution during
the current biennium with payment for his services being expended
from funds appropriated to the College in the Appropriations Act, supra.
You have not yet asked the Attorney General to provide the services
which you would expect the Attorney General to render during the
biennium, nor have you described them for us.

  Saving for later discussion the question of whether Tyler State
College would have authority to retain and pay an attorney in the absence
of the quoted Appropriation Act language, our first concern is with the

validity of that language. Appropriation Act riders which attempt to do more than detail, limit or otherwise restrict the use of appropriated funds have often been held invalid as attempts to enact general legislation in violation of Article 3, Sec. 35 of our Constitution. See Attorney General Opinions M-1199 (1972) and V-1254 (1951). But riders which do no more than declare the established law are permissible. See Attorney General Opinion C-449 (1965).

On two previous occasions Attorney General Opinions have dealt with the validity of Appropriation Act riders giving the Attorney General power to control the retention of outside counsel by state agencies. Attorney General Opinion M-249 (1968) upheld an Appropriations Act provision which stated:

> "ATTORNEYS. From and after September 1, 1967, should a vacancy occur in any department or institution of higher learning, not otherwise exempted, in Articles III or IV of this Act in a position which has as its primary function the practice of law and rendering of legal services and counsel, said position shall be filled only after having received the written approval of the Attorney General.
>
> "None of the funds herein appropriated may be expended for legal services until the Attorney General has given prior written approval for the employment of such personnel and the compensation to be paid. This provision shall apply to all legal services except those rendered by personnel who are classified in the Position Classification Plan." (Emphasis added).

But in Attorney General Opinion M-1199 (1972) identical passages (except for the date) contained in the 1971 General Appropriations Act were held invalid as constituting general legislation. Attorney General Opinion M-249 (1968) was expressly overruled.

The language reconsidered in M-1199 purported to give the Attorney General a substantive discretionary power not accorded him by general law. Assuming that general law permitted an agency to hire an attorney, it would be a modification of that law to substitute the discretion of the Attorney General for the discretion given the agency in making the decision.

Such provisions were not merely legislative limitations on the expend-
iture of appropriated funds.   They did not impose objective limitations
requiring only ministerial executive action; they subordinated the
executive discretion of the agency to that of the Attorney General.
Compare Attorney General Letters Advisory Nos. 2, 42 and 74 (1973),
and Attorney General Opinion H-175 (1973).

We believe, however, that there is a material difference between
the invalid provisions of previous Appropriation Acts and the language
of the current Appropriations Act cited at the beginning of this opinion
and that the Courts would consider the current language to be consti-
tutionally permissible.

The current language under discussion does not substitute the
discretion of the Attorney General for that of the agency in the matter.
Only ministerial functions are assigned to the Attorney General.
Whether he approves or disapproves of the agency using "outside"
counsel is not a relevant consideration in the matter.   His only duty
is to determine whether he is able to provide the requested services,
and certify his inability if it exists.

Giving effect to the provision does not amend or modify general
law.   The Attorney General is the chief legal officer of the state, and
it is his constitutional duty to advise executive officers if requested and
to represent the state in the courts.   Article 4, Sec. 22, Texas Con-
stitution.   The Legislature cannot alter the Attorney General's consti-
tutional prerogatives.   If it chooses, it may authorize an agency to
seek additional legal assistance so long as it does not attempt to
displace the Attorney General.   See Attorney General Opinion C-782
(1966).   But it cannot forbid to the Attorney General the exercise of a
power constitutionally vested in him.   For that reason, even when
an agency has been statutorily permitted to obtain additional legal
assistance, either by the permanent employment of house counsel
("inside" counsel) or the temporary engagement of a private legal
practitioner ("outside" counsel) there still exists in the Attorney
General the legal <u>authority</u> to perform all legal services for a state
agency.

Thus, the Appropriation Act provision that limits expenditures for
outside legal counsel to those instances in which the Attorney General
certifies that he has not the capacity to perform the needed services

does not confer any additional authority upon the Attorney General, or amend any statutory authority of an agency to employ outside counsel. It merely limits expenditures for such a purpose, and insofar as it impliedly recognizes authority in the Attorney General to perform the needed services, it is merely declaratory of existing law.

In our opinion, therefore, the rider to the 1973 Appropriation Act is valid, and no appropriated money may be legally spent by any agency to employ "outside" legal counsel unless the Attorney General has been requested to perform the needed services, but has certified his inability to provide them. Inasmuch as Tyler State College has not made such a request, nor received such a certification from the Attorney General, presently it has no legal authority to expend appropriated funds during the 1973-1974 biennium to retain outside legal counsel.

## SUMMARY

A rider to the Appropriations Act imposing as a condition precedent to the employment of "outside" legal counsel that the Attorney General be first asked to provide the services and, if unable,to certify that fact, is a valid limitation on the expenditure of appropriated funds.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee